## UNITED BK & TR CO v RUSSELL

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11081. Decided Feb 23, 1931

Stanley, Horwitz & Kiefer, Cleveland for Bk & Tr Co.

Thompson, Hine & Flory, Cleveland, for Russell.

HORNBECK, P. J. and KUNKLE, J. (2nd Dist) and FARR, J. (7th Dist) sitting.

For many years the corporation was existent and it performed certain acts which appear in the record, and the mere fact that Russell now seeks to deny that it ever had any existence, would not be sufficient to overcome the record in that respect.

The ownership of the eight feet and that portion of lot 550 which stands upon the duplicate in the name of the company, were held by separate and distinct entities.

Sec 8316 GC in our judgment is not helpful to the cross-petitioner's claim because it does not in any wise change the general purpose of the law to grant a lien to the claimant against the interest of the owner of the land and does not extend the protection of the law to the interest of any person other than the owner.

We, therefore, are unanimously of opinion that the defendant cross-petitioner under the circumstances of this case can only have a lien against the owner of lot 550 upon which the residence in which the interior decorating was done, is located, and that the lien does not extend to the eight feet off of lot 549 adjacent to lot 550.

The finding and decree will, therefore, be made accordingly.

Kunkle and Farr, JJ, concur.

## TOLLIVER v STATE

Ohio Appeals, 4th Dist, Athens Co
Decided Nov 21, 1930

## HORNBECK, PJ.

It is the claim of The Basom-McBain Company that inasmuch as the eight feet of land under consideration was a part of the lot adjacent to the residence in which Russell lived considered by him to be one tract and so used, and inasmuch as Russell owned and controlled all the stock of the 325 Superior Avenue Corporation, and the corporation did not function, but was a creature of Russell for his convenience only, the lien attached to the eight feet off of lot 549 as well as to lot 550.

We do not believe that defendant cross-petitioner can maintain its claim.

The mechanic's lien act being in derogation of common law must be strictly construed. It is the purpose only of the act to give a person who does work or labor upon or furnishes material, etc., for constructing or improving a building, shall have a lien against the interest of the owner in the lot upon which the building stands. A corporation is a separate entity and its existence cannot be challenged by a collateral attack such as this proceeding is. The cross-petitioner in this case having elected to assert its lien against the corporation and being assured of such protection thereby, cannot deny the existence of the corporation and assert a further lien against property which at no time stood in the name of the corporation.